OCT/OCT. 24. 2011 4:17PM  STATE FARM CORPORATE  FAX No.  NO. 940  P. 003

Case 5:11-cv-00288-JMM Document 2 Filed 11/07/11 Page 1 of 6

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 07 2011

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE CIRCUIT COURT OF
JEFFERSON COUNTY, ARKANSAS

LESLIE MONTGOMERY                      PLAINTIFF

VS.      NO. CV-2011-520-2

KYLE HAVNER, KATHY HAVNER,
and HAVNER LAW FIRM P.A.            DEFENDANTS

## COMPLAINT

COMES the Plaintiff, by and through counsel, Harrill & Sutter, PLLC, and for her Complaint, she states:

### PARTIES AND JURISDICTION

1. Plaintiff is a resident of Jefferson County Arkansas, who previously worked for Havner Law Firm P.A. Havner Law Firm P.A. is a corporation organized and existing under the law of the State of Arkansas, who employed Plaintiff at its principal place of business in Jefferson County, Arkansas. Kyle Havner is the president of Havner Law Firm P.A., who is being sued individually and in his official capacity, as president of Havner Law Firm P.A. Kathy Havner is a resident and citizen of Jefferson County, Arkansas who is not a share holder of Havner Law Firm P.A. This is an action brought for harassment, defamation, tortious interference with a contract, wrongful termination and breach of public policy, and for violations of the Fair Labor Standard Act of 1933. Accordingly, this court has subject matter jurisdiction, as well as personal jurisdiction over the parties. Since Plaintiff was employed in this county, venue is proper.

### GENERAL ALLEGATIONS OF FACT

2. Plaintiff is a resident and citizen of Jefferson County, Arkansas, who previously worked for Havner Law Firm P.A.

3. In the distant past, Plaintiff and Kyle Havner dated. However, that relationship lasted only a few weeks.

FILED IN MY OFFICE AND SUMMONS
ISSUED AT 10:__ O'CLOCK A.M
AUG 19 2011 DATE
LAFAYETTE WOODS, SR., CLERK

1

4. In October of 2010, Mr. Havner established his own a law firm and left his employment with the Baim Firm.

5. At the time Mr. Havner left the Baim Firm, he encouraged the Plaintiff to leave the Baim Firm with him. Mr. Havner insured Plaintiff continued employment and promised to employ her, if she would leave the Baim Law Firm.

6. Plaintiff was a long term employee of the Baim Law Firm, but, in reasonable reliance upon Mr. Havner's representations, she resigned from the Baim Law Firm to become employed with the Havner Law Firm P.A.

7. At all times relevant, Plaintiff performed her job satisfactorily with the Havner Law Firm P.A.

8. Kathy Havner is Kyle Havners' present wife.

9. For some unknown reason, Mrs. Havner believed that Ms. Montgomery and Mr. Havner had been, or were having, an affair. This was not true.

10. Accordingly, Mrs. Havner began subjecting the Plaintiff to false and baseless accusations of adultery and profanities. Ultimately, Mrs. Havner began subjecting Plaintiff to such strict scrutiny that Plaintiff was fired.

11. The precipitating event that was the alleged cause of Plaintiff's termination was a time sheet issue.

12. Shortly before close of business on Thursday, June 16, 2011, Plaintiff was sitting at her desk, organizing her task list for her return to work on the following Monday.

13. Mrs. Havner came into the law office and advised everyone that they could leave five minutes early, but that she would credit them the five minutes.

14. However, a co-worker examined the time cards and learned that Mrs. Havner had written down 4:45 p.m. as the time Plaintiff ceased working for the law firm. However, this was not true.

15. After Plaintiff complained about this, she contacted Mrs. Havner and complained about the alteration of her time card and the fact that she would not be awarded money for time she had worked.

16. Mrs. Havner became angry and started cursing the Plaintiff. The phone call terminated, but Mrs. Havner then called the Plaintiff back and terminated her in retaliation for complaining about the timesheet alteration.

## COUNT I

17. Plaintiff re-alleges the foregoing as if fully set out herein.

18. Plaintiff relied, to her detriment, upon Mr. Havner's representations of continued employment. However, Mr. Havner failed to keep these promises and terminated Plaintiff in violation of the well-established public policy of the State of Arkansas.

19. It is the well-established policy of the State of Arkansas that employees be paid for time that they work. A failure to do so is a violation of Arkansas Law. Consequently, Plaintiff has been terminated in violation of the well-established public policy of the State of Arkansas.

20. As a direct and proximate cause Defendant's acts and omissions alleged herein, Plaintiff has lost wages, lost fringe benefits, and lost earning capacity.

21. Defendant's actions have been so egregious so as to warrant the imposition of punitive damages.

## COUNT II

20. Plaintiff re-alleges the foregoing as if fully set out herein.

21. Plaintiff has never committed adultery with Kyle Havner.

22. However, Mrs. Havner published this fact, leading to Plaintiff's termination and damaging Plaintiff's reputation in the community.

23. Indeed, Mrs. Havners' representations were so reckless so as to justify the imposition of punitive damages. Plaintiff also seeks appropriate and compensatory damages exceeding $75,000.00 for emotional and mental distress.

3

## COUNT III

24. Plaintiff re-alleges the forgoing as if fully set out herein.

25. The Havner Law Firm P.A. is a corporation engaged in the practice of law that employed, at all times relevant, at least three employees. Indeed, Mrs. Havner represented herself as an office manager, but it is currently unknown whether or not she was in fact the office manager. If she was the office manager, then she is sued individually in retaliation under the FLSA. If not, she is sued for tortious interference with a contract.

26. Nonetheless, Kyle Havner and Havner Law Firm P.A. are each sued for retaliation under the FLSA.

27. Mrs. And Mr. Havner knew that it was illegal to fire an employee for complaining about timesheet alterations, yet Defendants either terminated Plaintiff, or aided and abetted the termination in retaliation for her complaints in violation of the FLSA.

28. Mr. Havner is a lawyer, licensed to practice in the State of Arkansas.

29. Mr. Havner has received legal education on the FLSA.

30. Nonetheless, Mr. Havner ratified his wife's actions, and, as a result, Plaintiff alleges that Defendant's actions have been a willful violation.

31. The Defendants are sued in both their individual and official capacity for retaliation in violation of the FLSA.

32. As a direct and proximate cause Defendant's acts and omissions alleged herein, Plaintiff has lost wages, lost fringe benefits, and lost earning capacity.

33. Defendants' actions have been so egregious so as to warrant the imposition of punitive or liquidated damages.

Wherefore, Plaintiff prays for appropriate compensatory damages exceeding $75,000.00, for liquidated or punitive damages exceeding $75,000.00, for reinstatement or front pay, for a trial by jury, for reasonable attorney's fees, for costs, and for all other proper relief.

4

Respectfully submitted,

HARRILL & SUTTER, P.L.L.C.
Attorneys at Law
P. O. Box 2012
Benton, Arkansas 72015
(501) 315-1910 FAX 501-315-1916
Attorneys for the Plaintiff

By: _____
Luther Oneal Sutter, Ark. Bar No. 95031
luthersutter@yahoo.com

G:\doc\Montgomery, Leslie\Pleadings\2011-07-22 CPLT.doc

10/20/11
6:05

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

LESLIE MONTGOMERY                                                        PLAINTIFF

VS.                                    CASE NO: CV-2011-520-2

KYLE HAVNER, KATHY HAVNER,                                               DEFENDANT
and HAVNER LAW FIRM P.A.

PLAINTIFF'S ATTORNEY:       Harrill & Sutter, P.L.L.C.
ADDRESS:                    P.O. Box 2012
                            Benton, AR 72018

THE STATE OF ARKANSAS TO DEFENDANT:     Kathy Havner
                                        2620 W. 28th
                                        Pine Bluff, AR 71603

### SUMMONS

### NOTICE OF LAWSUIT

1.   You are hereby notified that a lawsuit has been filed against you; the relief asked is stated in the attached complaint.

2.   The attached complaint will be considered admitted by you and a Judgment by default may be entered against you for the relief asked in the complaint unless you file a written answer or a motion under Rule 12 of the Arkansas Rules of Civil Procedure and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

   A.   It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.

   B.   It must be filed in the court clerk's office within 30 days from the day you were served with this summons.

3.   If you desire to be represented by an attorney you should immediately contact your attorney so that a response can be filed for you within the time allowed.

4.   Additional Notices:     None

   WITNESS MY HAND, AND SEAL OF THE COURT ON THIS, THE ____19th____ DAY OF ____August____ 2011.

Address of Clerk's Office:                      Lafayette Woods, Sr., Circuit Court Clerk
Jefferson County Circuit Court Clerk
101 West Barraque Street
Pine Bluff, Arkansas 71611-7433

                                                BY: _____
                                                    Deputy Clerk

250 3265