**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

LESLIE MONTGOMERY                                                      PLAINTIFF

V.                              5:11CV00288 JMM

KYLE HAVNER, KATHY HAVNER, and
HAVNER LAW FIRM, P.A.                                                 DEFENDANTS

**ORDER GRANTING SUMMARY JUDGMENT**

Pending are Defendants' Motions for Summary Judgment of Plaintiff's only remaining

claim, the Fair Labor Standards Act claim.  The parties have fully briefed the issues.  For the

reasons set forth below, Defendants' motions are GRANTED.

I.      Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874

(8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial

courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there
> is a need for trial -- whether, in other words, there are genuine
> factual issues that properly can be resolved only by a finder of fact
> because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be

invoked carefully so that no person will be improperly deprived of a trial of disputed factual

issues.  *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*,

444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a

summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

    II.    <u>Undisputed Facts</u>

Plaintiff worked as a paralegal for Kyle Havner ("Kyle") at the Havner Law Firm. Kathy Havner ("Kathy"), Kyle's wife, was the office manager for the firm. At all times Plaintiff was paid more than minimum wage and Plaintiff has no dispute regarding overtime pay. Plaintiff admits that she and Kyle had previously dated. (Pl's Complaint, ECF No. 2 at p. 1). Plaintiff was also aware that Kathy believed that Plaintiff and Kyle "had been, or were having, an affair." (Pl's Complaint, ECF No. 2 at p. 2).

On June 16, 2011, Kathy told the firm employees that they could leave at 4:45 p.m. instead of 4:55 p.m. and that she would not dock their paid time. However, Kathy marked Plaintiff's time card as if she had left at 4:45 instead of 4:55 as Kathy had stated. Plaintiff called Kathy after leaving the office on June 16, 2011, and inquired about her time card. Kathy told Plaintiff that she chose to dock Plaintiff's pay by 10 minutes on June 16, 2011, because she determined that Plaintiff was not working when she entered the room at 4:45. (Pl.'s Dep., ECF

NO. 22-3 at p. 70-71).  Plaintiff explained that she had come to a good stopping point in her

work that day so she stopped working at 4:45.  Kathy agreed, and said that she would change

Plaintiff's time card to reflect the additional 10 minutes.  *Id.* at 71.  The two hung up on good

terms.  *Id.*  However, Kathy called Plaintiff back 20-30 minutes later.  *Id.* at 71. During the

telephone call, Plaintiff and Kathy disagreed over another issue in the office.  *Id.* at 71-72.

Plaintiff hung up on Kathy.  *Id.* at 72.  Afterward, Kyle called Plaintiff and terminated her

employment.  *Id.* at 73; Def. Kyle Havner's Dep. ECF No. 22-5 at p. 10.

Plaintiff filed suit in Jefferson County Circuit Court on August 19, 2011.  Kathy Havner

removed the action to this Court pursuant to 28 U.S.C. § 1446.  The Court has subject matter

jurisdiction of the case because Plaintiff has asserted a claim under the Fair Labor Standards Act

("FLSA").  Originally, Plaintiff made three allegations against the Defendants: wrongful

termination under Arkansas law, defamation, and retaliation in violation of the FLSA.  Plaintiff

voluntarily dismissed her state law claims on January 23, 2012.  The Defendants have filed

separate motions for summary judgment of Plaintiff's FLSA claim.

III.    Discussion of the Law

To establish a prima facie case of retaliation under the FLSA, Plaintiff must show that

she participated in statutorily protected activity, that the Defendants took an adverse employment

action against her, and that there was a causal connection between Plaintiff's statutorily protected

activity and the adverse employment action.  *Ritchie v. St. Louis Jewish Light,* 630 F.3d 713, 717

(8th Cir. 2011) (citing *Grey v. City of Oak Grove*, 396 F.3d 1031, 1034–35 (8th Cir. 2005)).

The anti-retaliation provision of the FLSA makes it unlawful for any person:

to discharge or in any other manner discriminate against any employee because such
employee has filed any complaint or instituted or caused to be instituted any proceeding
under or related to this chapter, or has testified or is about to testify in any such
proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3).

The Court finds that Plaintiff did nothing to trigger the anti-retaliation provision of the FLSA.  It is undisputed that Kathy, Plaintiff's supervisor, chose to dock Plaintiff's pay by 10 minutes on June 16, 2011, because she determined that Plaintiff was not working during those 10 minutes.  (Pl.'s Dep., ECF NO. 22-3 at p. 70-71).  Plaintiff called her supervisor to discuss the issue.  There is no evidence in the record that Plaintiff engaged in a protected activity under the FLSA.  Merely calling to inquire why a supervisor docked an employee's pay by 10 minutes, does not constitute "filing a complaint" under the FLSA.  *See Kasten v. Saint-Gobain Performance Plastics Corp.,* 131 S.Ct. 1325, 1335 (U.S.,2011) ("To fall within the scope of the antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection."); *Ritchie v. St. Louis Jewish Light,* 630 F.3d 713, 717 (8th Cir. 2011).  Therefore, Defendants' Motions for Summary Judgment of Plaintiff's FLSA claim is GRANTED.

IV.    Conclusion

In conclusion, Defendants' Motions for Summary Judgment (ECF No. 19, 22) are GRANTED.  The Clerk is directed to close the case.  The trial scheduled for June 4, 2012 is cancelled.

IT IS SO ORDERED this 18th day of April, 2012.

_____
James M. Moody
United States District Judge